UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                           Case No. **8:20-cr-40**

RONY JOEL MACIAS CHARCOPA
_____/

## SENTENCING MEMORANDUM

Mr. Rony Charcopa ("Mr. Charcopa") is a 22-year-old Ecuadorian citizen, high school graduate, and an Ecuadorian military veteran. PSR. P. 1. With limited income and employment opportunities, Mr. Charcopa's crime was the act of a young man who did not fully appreciate the consequences of his actions. Nevertheless, Mr. Charcopa understands that being young and poverty-stricken does not absolve him for his offense and he has accepted responsibility.

In accord with the decision in United States v. Booker, and 18 U.S.C. § 3553(a) along with Probation's recommendation that Mr. Charcopa's age, impoverished lifestyle, and lack of criminal history warrant a sentencing outside of the advisory sentencing guidelines, Mr. Charcopa respectfully requests that this Court consider these and other factors as it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a), 543 U.S. 220, 220 (2005).

    I.     **Legal Framework for Sentencing Analysis**

It is well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court

must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In <u>United States v. Talley</u>, the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 431 F.3d 784, 786 (11th Cir. 2005).

## II.     **Analysis of 18 U.S.C. § 3553(a) Factors**

### A.     History and Characteristics of the Defendant:

Pursuant to 18 U.S.C. §3553(a), Mr. Charcopa asks the Court to consider his history and characteristics. Mr. Charcopa grew up in abject poverty with limited educational and economic opportunities. <u>PSR</u> at 9. In spite of the lack of opportunities, Mr. Charcopa was able to complete high school and serve his country as a Marine. <u>PSR</u> at 9. Mr. Charcopa understands that he will be punished for his crimes. Mr. Charcopa asks that the Court – as Probation noted in its PSR- take into account his youth and impoverished lifestyle when reviewing the factors that may warrant a downward variance from the advisory sentencing guidelines. <u>PSR</u> at 12.

B.   The Need to Avoid Unwarranted Sentencing Disparities and The Nature and the Circumstances of the Offense:

On September 16, 2020, Co-Defendant Ricardo Lopez Vargas ("Co-Defendant Vargas") was sentenced to 120 months of BOP. PSR at 1. Based on the record, there is no evidence that Co-Defendant Vargas received a Government downward departure 5K1.1 motion. See Doc. # 147 Minute Entry. Assuming Co-Defendant Vargas's advisory sentencing guideline calculation was the same calculation as Mr. Charcopa's calculation, the Court issued a downward variance below the advisory sentencing guidelines of 135 to 168 months BOP for Co-Defendant Vargas.

Based on Counsel's review of the Government's Rule 16 government disclosures and the Offense Conduct referenced in the PSR, Mr. Charcopa has been found guilty of similar conduct to that of Co-Defendant's Vargas's conduct. Mr. Charcopa also has no prior criminal history like Co-Defendant Vargas. However, there is an important difference in the nature and circumstances of Mr. Charcopa's offense as compared to the nature and circumstances of Co-Defendant Vargas' offense.

Co-Defendant Vargas is a Mexican National whereas Mr. Charcopa is an Ecuadorian National. Should the Court inquire of the Government at Sentencing, the Government will likely attest that generally speaking multi-national high sea narcotics crimes are planned by the Mexican Cartels and they use impoverished Ecuadorians, like Mr. Charcopa, to deliver cocaine via the high seas. The Court should infer from the referenced assumption that Mr. Charcopa had less involvement in the crime as compared to the Co-Defendant's involvement in the crime due to their nationalities. The basis for Counsel's inference is due to the fact that the Co-Defendant Vargas was Mexican and was working with the Mexican Master of the Vessel, Co-Defendant Medina, and another

3

Mexican Co-Defendant Cabrera prior to coming in contact with Mr. Charcopa. PSR at 5, par. 16.  It is reasonable to believe that the Co-Defendant Vargas had move involvement in the planning of the crime because of his relationship with the Master of the Vessel.

Accordingly, Mr. Charcopa asks that the Court issue a downward variance below the 120-month BOP sentence that Co-Defendant Vargas received at Sentencing due to the need to avoid unwarranted sentencing disparities and the difference in the nature and circumstances of the Mr. Charcopa's Offense as compared to the nature and the circumstances of the Co-Defendant Vargas' Offense.

**WHEREFORE**, based on the forgoing, Pursuant to 18 U.S.C. §3553(a) Mr. Charcopa requests that the Court Sentence grants Counsel's request for a variance.

.

/s/Ben Stechschulte
Ben Stechschulte
Board Certified Criminal Trial Attorneys, BCS
Stechschulte Nell, PL
1105 W. Swann Ave.
Tampa, FL 33606
Telephone (813) 280 1244
Email: ben@tpatrialattorneys.com
Florida Bar No. 1398

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October 2020, I filed the foregoing documents with the Clerk of Court and submitted copies via email to the United States Attorney's Office, U.S. Pretrial Services, and U.S. Probation.